Matthew G. Kleiner  (SBN: 024275)
Nathan T. Mitchler  (SBN: 028751)
**GORDON REES SCULLY MANSUKHANI, LLP**
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
Telephone:  (602) 794-2466
Facsimile:  (602) 265-4716
mkleiner@grsm.com
nmitchler@grsm.com

Attorneys for  Defendants
Lexington Insurance Company and
AIG Claims, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maricopa County Special Health Care District, a body politic, governing body for and doing business as Maricopa Integrated Health Systems,<br><br>          Plaintiff,<br><br>vs.<br><br>Lexington Insurance Company, a foreign capital stock insurance company, and AIG Claims, Inc. a foreign corporation, ABC Corporations XYZ Partnerships, John Doe I-V and Jane Does I-V,<br><br>          Defendants. | **CASE NO.**<br><br>**NOTICE OF REMOVAL** |

Defendants Lexington Insurance Company ("Lexington") and AIG Claims, Inc. ("AIG Claims") (collectively, "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof, Defendants respectfully allege the following:

**I. Commencement and Service**

1. On or about September 15, 2017, Plaintiff Maricopa County Special Health District ("Plaintiff") filed suit against the Defendants in the Superior Court of the State of

1  Arizona, in and for the County of Maricopa. (Attached hereto as Exhibit "A" is a true
2  and correct copy of the Summons and Complaint ("Complaint").

3     2. On November 8, 2017, the Complaint was served on AIG Claims and on
4  November 13, 2017 the Complaint was served on Lexington through the Arizona
5  Department of Insurance. (Attached hereto as Exhibit "C" is a true and correct copy of
6  the Notice of Service of Process re AIG Claims, and as Exhibit "E" are true and correct
7  copies of the Certificates of Service re Lexington.)

8     3. The Notice of Removal is timely filed within 30 days of service of the
9  Complaint. *See* 28 U.S.C. § 1446(b); *Cooke v. Masterpharm, LLC*, No. CV-10-845-
10 PHX-GMS, 2010 U.S. Dist. LEXIS 70340, at *3 (D. Ariz. June 15, 2010) (holding a
11 defendant must be properly served before the 30-day deadline begins to run) (citing
12 *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328-29
13 (1999)).

14 **II.    Grounds for Removal – Diversity Jurisdiction**

15     5. Defendants are entitled to remove the state court action to this Court
16 pursuant to 28 U.S.C. §§1332, 1441, and 1446, because this action is a civil action
17 involving an amount in controversy exceeding $75,000, between parties with complete
18 diversity of citizenship. *See* 28 U.S.C. § 1332(a) (district courts have original jurisdiction
19 where the matter in controversy: (1) exceeds the sum of $75,000, exclusive of costs and
20 interest; and (2) is between citizens of different states).

21 **III.    Diversity of Citizenship**

22     6. This is an action between parties with complete diversity of citizenship.

23     7. Diversity of citizenship exists where the matter in controversy is between
24 citizens of different states. *See* 28 U.S.C. §1332(a). A corporation for purposes of 28
25 U.S.C. § 1332(a) is considered a citizen of any state in which it is incorporated and in
26 which it has its principal place of business. 28 U.S.C. §1332(c).

27     8. Plaintiff is a governmental body established and operating in Maricopa
28 County, Arizona. (See Exhibit "A", Complaint, ¶¶ 1 & 5.)

9. Lexington is a Delaware corporation with a principal place of business in Boston, Massachusetts, from which Lexington's officers direct, control and coordinate Lexington's activities.

10. Lexington is authorized to transact business within the State of Arizona and this judicial district.

11. AIG Claims is a Delaware corporation with a principal place of business in New York, New York, from which AIG Claims' officers direct, control and coordinate AIG Claims' activities.

12. AIG Claims is authorized to transact business within the State of Arizona and this judicial district.

13. The defendants designated in the Complaint as "ABC Corporations," "XYZ Partnerships," and "John and Jane Does I-V," are fictitious defendants and are to be disregarded for the purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

14. No change in the citizenship of the Defendants has occurred since the commencement of the state court action. As Plaintiff and Defendants are from different states, complete diversity of citizenship exists and the first prong of 28 U.S.C. § 1332(a) is satisfied.

**IV. Amount in Controversy**

15. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). The amount in controversy may also include any attorney's fees as authorized by law. *Id.*; *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 576-78 (D. Ariz. 2003).

16. In the Complaint, Plaintiff alleges that it sustained approximately $307,630.38 in damage when Lexington failed to credit Plaintiff's write-off of the underlying plaintiff's medical services provided by Plaintiff to Plaintiff's self-insured retention. (Complaint, ¶ 22.) Plaintiff further asserts damages when Lexington, relying on the policy's exclusion for penalties, failed to pay the $391,753.55 Arizona Rule of

Civil Procedure 68 sanction. (Complaint, ¶¶ 25 and 40.) These two items of damage exceed the $75,000 amount in controversy. Plaintiff asserts causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, bad faith, and declaratory relief. In addition to compensatory damages, Plaintiff seeks punitive damages and attorney's fees. Therefore, the Complaint demonstrates that the amount in controversy under the Complaint exceeds the diversity jurisdictional minimum of $75,000.

## V. Venue

17. Venue properly lies in the United States District Court for the District of Arizona because Plaintiff filed the state court action in this judicial district and division. *See* 28 U.S.C. §§ 1441, 1446.

## VI. Notice

18. Defendants will give notice of the filing of this Notice of Removal to all parties of record. Defendants will also file with the clerk of the state court and will serve upon Plaintiff a notice of the filing of this Notice of Removal. *See* LRCiv 3.6(A).

## VII. State Court Pleadings

19. Copies of all state court pleadings and orders are attached to this Notice of Removal. Pursuant to Rule 3.6, Local Rules of Civil Procedure, Defendants attach and incorporate by reference true and correct copies of all the pleadings and other documents that were previously filed with the state court, including the most recent copy of the State Court docket:

- Exhibit "A" - Complaint
- Exhibit "B" - Summons on AIG
- Exhibit "C" - Notice of Service of Process re AIG
- Exhibit "D" - Summons on Lexington
- Exhibit "E" - Certificates of Service of Process re Lexington
- Exhibit "F" - Certificate of Compulsory Arbitration
- Exhibit "G" - Demand for Jury Trial

- Exhibit "H" - State Court docket

## VIII. Prayer

WHEREFORE, pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendants file this Notice of Removal with the United States District Court for the District of Arizona, and hereby seek to remove this action from the Superior Court of the State of Arizona, in and for the County of Maricopa.

Dated this 8th day of December, 2017.

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Matthew G. Kleiner*
    Mathew G. Kleiner
    Nathan T. Mitchler
    Attorneys for Defendants
    Lexington Insurance Company and
    AIG Claims, Inc.