EXHIBIT "A"

MICHAEL K. JEANES
Clerk of the Superior Court
By Angus McLoone, Deputy
Date 09/15/2017 Time 16:38:42
Description                    Amount
------- CASE# CV2017-054614 -------
CIVIL NEW COMPLAINT           322.00 N

TOTAL AMOUNT                    0.00
          Receipt# 26160881

1   GARREY, WONER, HOFFMASTER & PESHEK, P.C.
    The Gibraltar Building
2   6611 North Scottsdale Road
    Scottsdale, Arizona 85250
3   (480) 483-9700
    Shawna Murphy Woner
4   State Bar No. 012948
    swoner@gwhplaw.com
5   Attorneys for Maricopa County Special Health Care District

6

7                  SUPERIOR COURT OF THE STATE OF ARIZONA

8                     IN AND FOR THE COUNTY OF MARICOPA

9   MARICOPA COUNTY SPECIAL          )   No.    CV2017-054614
    HEALTH CARE DISTRICT, a body     )
10  politic, governing body for and doing )
    business as MARICOPA INTEGRATED  )
11  HEALTH SYSTEM,                    )
                                      )
12              Plaintiff,            )   **COMPLAINT**
                                      )
13  v.                                )   (Breach of Contract; Breach of Duty of Good Faith
                                      )   and Fair Dealing; Insurance Bad Faith; Declaratory
14  LEXINGTON INSURANCE COMPANY,      )   Relief)
                                      )
15  a foreign capital stock insurance company, )
    and AIG CLAIMS, INC., a foreign   )
16  corporation, ABC CORPORATIONS,    )
    XYZ PARTNERSHIPS, JOHN DOES I-V,  )
17  and JANE DOES I-V,                )
                                      )
18              Defendants.           )

19

20         COMES NOW Plaintiff Maricopa County Special Health Care District, a governmental entity

21  also referred to as Maricopa Integrated Health System (the "District") and by and through counsel

22  undersigned for its Complaint against the Defendants alleges and states as follows:

23                                **PARTIES**

24  1.      Maricopa County Special Health Care District is a governmental body also known as Maricopa

25  Integrated Health System.

26  2.      Lexington Insurance Company (hereinafter "Lexington") is a foreign capital stock insurance

1   company transacting business within the State of Arizona, County of Maricopa.

2   3.      AIG Claims Services, Inc. is a foreign corporation that transacts the business of insurance claims

3   administration within the State of Arizona, County of Maricopa.

4   4.      The individuals and entities fictitiously identified as Defendants herein (designated as Doe, ABC

5   Corporations and XYZ Partnerships) are deemed to be affiliates of or subsidiaries of the above-named

6   Defendants, and/or any and all individuals or entities who may be liable for the acts alleged hereinafter.

7                               **JURISDICTION AND VENUE**

8   5.      This court has jurisdiction over the subject matter and parties involved herein.

9                                **GENERAL ALLEGATIONS**

10  6.      At all times alleged hereinafter, Plaintiff was a named insured under a policy of insurance

11  bearing Policy No. 6793282 (the "Policy") issued by Defendant Lexington which policy provided excess

12  healthcare professional liability coverage on a claims-made basis.

13  7.      A justiciable controversy exists between Plaintiffs and Defendants because a dispute has arisen

14  regarding coverage for the amounts for which the District has become legally obligated to pay (and has

15  now in fact paid) to the Orosco Plaintiffs as set forth herein.

16  8.      On or about March 6, 2012, a Complaint was filed in Maricopa County Superior Court by

17  Plaintiffs Brandon and Jennifer Orosco individually and on behalf of their children, Kaylen, Marissa and

18  Silas Orosco alleging that Brandon Orosco suffered injuries as a result of acts or omissions committed

19  while he was in the care of Maricopa County Special Health Care District and its employees, physicians

20  and/or staff members for which the Orosco Plaintiffs sought recovery of damages related to medical

21  expenses, pain, suffering, disfigurement, impairment and diminished earning capacity.

22  9.      At all times material to the allegations set forth herein, the District had a retained limit with

23  regard to underlying insurance in the amount of $5 million, which amount was subject to erosion by any

24  and all indemnity or defense expense incurred.

25  10.     At all material times, Defendants Lexington and AIG were aware of the pending Orosco Action,

26  and in fact monitored and audited the District's defense of that matter.

11.     According to the Schedule of Underlying Insurance, Lexington specified that the healthcare professional liability limits of $5 million with regard to the self-insured retention were subject to erosion for "expenses and indemnity."

12.     Nowhere within the policy authored by Lexington is the term "expenses" defined as it relates to erosion of the SIR.

13.     Nowhere within the policy authored by Lexington is the term "indemnity" defined with regard to erosion of the SIR.

14.     Attached to and incorporated within the Policy of insurance issued by Lexington is a series of forms, which includes form Endorsement No. 9, which endorsement served to delete exclusionary language that would have purported to exclude coverage for, "punitive, exemplary, multiplied damages or the multiple portion of multiple damages."

15.     The effect of Endorsement No. 9 was to vest the insured with coverage for "punitive, exemplary, multiplied damages or the multiple portion of multiple damages" that might have otherwise been excluded from coverage.

16.     The only remaining language after the application of Endorsement No. 9 served to exclude coverage for "fines or penalties".

17.     Nowhere within the Policy authored by Lexington is there a definition of "fines".

18.     Nowhere within the Policy authored by Lexington Insurance is a definition of the word "penalties".

19.     The Policy does not exclude coverage for sanctions.

20.     Neither "fines" nor "penalties" is a capitalized or legally significant or defined term.

21.     On or about March 6, 2012, the Orosco Plaintiffs filed a Complaint and related documents stating a claim against the District and others resulting in the District incurring costs, attorneys' fees, litigation expenses, expert witness fees and various forms of "expense" as that term is interpreted with regard to erosion of the SIR in an amount exceeding $590,921.35 payable to third parties and incurred internal legal fees in an amount to be proven at trial.

22.     In addition to the "expenses" incurred by the District, an "indemnity" payment was made to Plaintiffs Orosco in the form of reimbursement of medical expenses owed to the District in the amount of $307,630.38.   The Policy allows for an offset or erosion of the SIR with regard to indemnity payments (an undefined term) made by or on behalf of the District; the indemnity payment to Mr. Orosco arises from treatment received by Mr. Orosco during his April 26, 2011 admission for the guide wire removal, and for which the District bore the entire cost of $307,630.38 for that hospital admission. As a result of briefing on this issue, because the District agreed to bear that expense, the special damages claimed by Mr. Orosco (as well as general compensatory damages and the potential aggravation of the claim evaluation) inured to the benefit of Lexington, and accordingly the District is entitled to erosion of its Policy in a commensurate amount of $307,630.38.

23.     During the pendency of the Orosco Action, the Plaintiffs Orosco filed an Offer of Judgment for an amount that was slightly less than the jury verdict ultimately obtained.

24.     On or about November 17, 2014, the Orosco Plaintiffs recovered a jury verdict that was later reduced to a judgment against the District in favor of Brandon Orosco in the amount of $3,638,250; in favor of Jennifer Orosco in the amount of $495,000; and in favor of each of the Orosco children in the amount of $24,750.

25.     In addition to the compensatory amounts, the Orosco Plaintiffs recovered a cost judgment entered on July 9, 2015 in the total amount of $391,753.55, a portion of which was recoverable by virtue of Rule 68 because the verdict ultimately obtained by the Orosco Plaintiffs was slightly more favorable than the Offer of Judgment filed by Plaintiffs Orosco in advance of trial.

26.     On or about August 3, 2015, the District filed a timely Notice of Appeal to the Arizona Court of Appeals.

27.     At all material times, Lexington was aware of, monitored, and audited the litigation files of the District throughout the trial court and appellate matter.

28.     On or about February 2, 2017, the Court of Appeals issued its ruling denying relief to the District with the exception of a nominal issue not pertinent to the relief sought herein.

1   29.     In the face of accruing interest on the judgment and after careful consideration, the District made

2   the decision to forego filing a Petition for Review to the Supreme Court and secured authority to pay its

3   remaining balance of the SIR and provided notice and the opportunity for Lexington and AIG to make

4   an election as to whether to pay its respective share in accordance with the calculations regarding

5   erosion of the SIR or alternatively pursue further appellate remedies.

6   30.     At all material times, AIG and Lexington were aware of the status of the appeal; aware of the

7   appellate ruling; and ultimately aware of the calculation by the District as to the respective

8   responsibilities of the parties, however AIG and Lexington made no response whatsoever until Friday,

9   March 3, 2017 (more than two years after the original jury verdict and almost two years following the

10  entry of the Cost Judgment), without ever having issued a reservation of rights or expressing any

11  concerns regarding repeated audits and updates with regard to the file relating to defense costs or Rule

12  68 recovery, at which time Lexington and AIG denied coverage for the Rule 68 portion of the Judgment

13  for the first time alleging that it represented a "penalty", and as such was excluded from coverage, and

14  further maintained that $89,686 of the defense costs actually incurred by and paid by the District were

15  arbitrarily deemed to be excessive.

16  31.     Within a matter of days after expressly denying coverage for the Rule 68 portion of the Judgment

17  alleging that it represented a "penalty" despite the fact that "penalty" is not defined within the Policy

18  and after alleging that $89,686 of the defense costs were excessive, that number dropped to $70,048.30.

19  32.     Lexington/AIG refused to reconsider its position regarding the alleged "penalty" exclusion,

20  resulting in the District's inability to move forward with satisfying the Judgment because it had relied

21  upon the accounting provided to Lexington, which had never been the subject of dispute or reservation.

22  33.     At all material times, Defendants knew or should have known that to be enforceable, an

23  exclusion in an insurance policy must be both "conspicuous" and "phrased in clear language".

24  34.     At all material times, the Defendants knew or should have known that Arizona law does not

25  allow for the enforcement of an ambiguous exclusion.

26  35.     At all material times, the Defendants knew or should have known that other courts have

determined that the "penalty" exclusion has been deemed to be vague, ambiguous, and susceptible to more than one meaning, and is construed by reasonable insureds to be a fine imposed by and paid to a governmental entity often for a matter that is criminal or quasi-criminal in nature.

36.     At all material times, Defendants Lexington and AIG owed a duty of good faith and fair dealing toward the Insured.

**COUNT I**
**(Breach of Contract)**
**(only as to Defendant Lexington)**

37.     Plaintiff incorporates by reference each and every preceding allegation as though fully set forth herein.

38.     District is an insured under the Policy issued by Defendant Lexington and administered by Defendant AIG, and as such was entitled to the rights, benefits and privileges stated within the Policy.

39.     Pursuant to the terms and conditions of the Policy, Defendant Lexington owed a duty to indemnify Plaintiff from any loss covered under the terms of the Policy.

40.     Lexington denied coverage to the District and/or disallowed credits toward the erosion of its SIR, causing the District to incur losses associated with payment of amounts that should have been paid by Lexington under the terms of the Policy.

41.     As a direct and proximate result of Lexington's breach of the Policy, Plaintiff sustained damages in an amount to be proven at trial.

**COUNT II**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

42.     Plaintiff incorporates by reference each and every preceding allegation as though fully set forth herein.

43.     Defendant Lexington had a contract with Plaintiff, and incorporated within the terms of that contract is an implied covenant of good faith and fair dealing.

44.     Lexington, and AIG acting as an agent for and on behalf of Lexington, breached the duty of good faith and fair dealing when it disallowed certain defense costs and attorneys' fees in an arbitrary and

1  capricious fashion (demonstrated by the fact that within a matter of a few days, its position had changed;

2  arbitrarily and capriciously disallowed the calculation of any amounts awarded under Rule 68 arising

3  from the Offer of Judgment as a "penalty" despite the fact that it knew or should have known that no

4  authority whatsoever existed for this position, including any state or federal published appellate

5  decision.

6  45.    Upon information and belief, when making the decision to disallow attorneys' fees, defense

7  costs, and damages related to the Offer of Judgment, Defendants did so with a direct intent to injure

8  Plaintiffs and maximize profits.

9  46.    Upon information and belief, Defendants conducted an audit of Plaintiff's records, and knew or

10  should have known that in addition to the amounts claimed by the Plaintiff, Plaintiffs should be entitled

11  to an offset for indemnity payments made by way of a write-off of medical expenses in favor of

12  Plaintiffs Orosco in the amount of $307,630.38, and yet knowingly failed to include that amount as an

13  offset or notify its insured of the oversight.

14  47.    As a direct and proximate result of the Defendants' collective breach of the duty of good faith

15  and fair dealing, Plaintiffs have been damaged in an amount to be proven at trial.

16  **COUNT III**
**(Bad Faith)**

17

18  48.    Plaintiff incorporates by reference each and every preceding allegation as though fully set forth

19  herein.

20  49.    At all material times, Defendant Lexington (and Defendant AIG acting as its Agent in the

21  administration of claims) owed a duty to exercise good faith and fair dealing toward their insured.

22  50.    At all material times, Plaintiffs relied upon the nature of this good faith and special relationship

23  in providing complete access to the litigation file, and reasonably relied upon Defendants to provide

24  notice with respect to any reservation regarding coverage.

25  51.    Defendants breached the duty of good faith and fair dealing when they engaged in cumulative

26  acts of bad faith including, but not limited to:  conducting an audit and yet withholding any notification

1   regarding reservations; conducting an audit and yet refusing to acknowledge a credit against the SIR

2   with regard to a "write-off" of medical expenses representing an indemnity payment to Orosco;

3   requesting updates, reporting and access to otherwise privileged information which it then relied upon to

4   disclaim coverage without a reasonable factual basis; denying coverage for amounts awarded to Plaintiff

5   pursuant to Rule 68 despite the fact that no appellate level decision has ever allowed a carrier to do so;

6   conducting an internal audit of attorneys' fees and expenses incurred and taking an "across the board"

7   deduction with regard to such expenses without reasonable support despite the fact that there was no

8   definition or guideline regarding such fees; and further conduct as will be demonstrated at the time of

9   trial.  The aforementioned actions demonstrate an evil hand guided by an evil mind warranting the

10   imposition of punitive damages.

11   52.     As a direct and proximate result of the Defendants breach of the duty of good faith and fair

12   dealing and cumulative acts of bad faith, Plaintiff sustained damage in an amount to be proven at trial.

13                              **COUNT IV**
                               **(Declaratory Relief)**

14

15   53.     Plaintiffs incorporate by reference each and every preceding allegation as though fully set forth

16   herein.

17   54.     Lexington issued an Excess Healthcare Professional Liability policy bearing Policy No.

18   6793282, which Policy was designed to protect the District as an insured for any covered loss in excess

19   of the self-insured retention of $5 million after appropriate offset for erosion due to indemnity and

20   expense.

21   55.     The Policy does not define the "expenses and indemnity" which are said to "erode" the SIR.

22   56.     Lexington authored the Policy, and as such was required to avoid any ambiguity; Arizona law

23   dictates that any ambiguity will be construed against the Insurer and in favor of the Insured, particularly

24   where that term appears in an exclusion that purports to limit or exclude coverage.

25   57.     Plaintiff incurred expenses in the defense of the Orosco litigation, which expenses Defendants

26   were aware of for years following multiple audits and reports and yet expressed no reservation of rights

1  or concern until two years after Judgment was entered.

2  58.    Plaintiff incurred an indemnity expense when it gave a complete credit to the Plaintiff in the

3  amount of $307,630.38 with regard to medical expenses incurred by (and which would have been paid

4  directly to) Plaintiff, however the District agreed to "write-off" those medical bills in order to reduce the

5  indemnity exposure to Orosco in the way of "special damages". This "write-off" directly reduced the

6  amount of damages recoverable by Orosco, and thus inured directly to the benefit of Defendant

7  Lexington.

8  59.    Although the original language of the Policy purported to exclude coverage for:

9              "Any fines, penalties, punitive, exemplary, multiply damages or the

10             multiple portion of multiple damages"

11 the Policy was amended by way of amendatory Endorsement No. 9 to provide instead only an exclusion

12 with regard to "any fines or penalties."

13 60.    The Policy was specifically endorsed, therefore to include any damages that would be fairly

14 characterized as punitive, exemplary, multiplied damages or the multiple portion of multiple damages.

15 61.    An ambiguity will be said to exist where a term is capable of more than one interpretation.

16 62.    Defendants denied coverage for the award made to Plaintiffs Orosco pursuant to Rule 68 arguing

17 that a sanction under Rule 68 (for a wholly innocent failure to have accepted an Offer of Judgment

18 without any showing of nefarious conduct, ill will, or wrongful misconduct) was tantamount to a penalty

19 within the meaning of the Policy despite the fact that the Policy contains no definition of "penalties".

20 63.    The Policy does not exclude coverage for "sanctions."

21 64.    Multiple courts in multiple jurisdictions have declined to enforce a "penalty" exclusion where

22 the enforcement of that provision would be contrary to the reasonable expectations of the insured. Many

23 courts have declined to enforce a "penalty" exclusion because it is susceptible to more than one meaning

24 or definition, and many courts interpret "penalty" to represent a fine or levy imposed by a governmental

25 entity or authority rather than an award made in a civil proceeding to the opposing party.

26 65.    Rule 68 does not utilize the term "penalty" but rather refers to the awards made pursuant to Rule

1   68 as representing a sanction; Defendants took the position that a "sanction" can be a penalty (under one

2   possible definition) where the penalty is imposed for a "violation of law, rule or order of court".

3   66.   At no time did Plaintiffs violate any law, rule, or order of court.

4   67.   Despite the fact that Defendant Lexington did not define the terms "expense" "indemnity" or

5   "penalty" anywhere within its Policy, and despite the fact that the term "penalty" is susceptible to many

6   definitions, none of which apply in the present setting, Defendant has wrongfully failed and refused to

7   afford coverage and/or allow a credit against the SIR for erosion due to expense, indemnity, and awards

8   made pursuant to Rule 68 resulting from Plaintiffs failure to accept the Offer of Judgment during the

9   course of litigation.

10   68.   An "actual controversy" exists within the meaning of A.R.S. § 12-1821 et. seq. between Plaintiff

11   and Defendants regarding coverage available under the Policy.

12   69.   Plaintiff respectfully requests a judicial declaration finding as follows:

13        1. That the term "penalty" is susceptible to more than one definition, and as such is an

14   ambiguous term that will be construed against Lexington and in favor of Plaintiff;

15        2. That a party's innocent failure to forecast its potential exposure, and resultant failure to accept

16   an Offer of Judgment resulting in an award of damages under Rule 68 does not amount to a "penalty"

17   within the meaning of a "penalty" exclusion as set forth within the Lexington Policy;

18        3. That having issued no guidelines for legal billing and setting forth no definition with regard to

19   the term "expense" that would erode the SIR, Lexington may not dispute those expenses of which it was

20   aware and had audited for years prior to denying coverage;

21        4. That the agreement of Plaintiffs to "write off" and provide a credit with regard to medical

22   expenses that would have been owed by Brandon Orosco represent an "indemnity" expense, which term

23   is not defined within the Lexington Policy, and accordingly Plaintiff is entitled to erosion of the SIR in

24   the corresponding sum of $307,630.38.

25        Plaintiffs further request an award of attorneys' fees incurred herein pursuant to A.R.S. § 12-

26   341.01 as this matter arises out of contract.

## PRAYER FOR RELIEF

WHEREFOR, having fully stated its claim against the Defendants, Plaintiff prays for judgment as follows:

1.     Declaratory relief consistent with the request made herein in association with Count IV;

2.     For compensatory damages reflecting any and all amounts wrongfully denied by Lexington;

3.     For punitive damages associated with the claim of bad faith;

4.     For attorneys' fees and defense costs with regard to those actions based in contract pursuant to A.R.S. § 12-341.01; and

5.     For a trial by jury and such other and further relief as the court deems just and proper under the circumstances.

RESPECTFULLY submitted this 15th day of September, 2017.

GARREY, WONER, HOFFMASTER & PESHEK, P.C.

By_____
Shawna Murphy Woner
The Gibraltar Building
6611 North Scottsdale Road
Scottsdale, Arizona 85250
Attorneys for Maricopa County Special Health Care District
    aka Maricopa Integrated Health System

EXHIBIT "B"

ORIGINAL

1 | GARREY, WONER, HOFFMASTER & PESHEK, P.C.
The Gibraltar Building
2 | 6611 North Scottsdale Road
Scottsdale, Arizona 85250
3 | (480) 483-9700
Shawna Murphy Woner
4 | State Bar No. 012948
swoner@gwhplaw.com
5 | Attorneys for Maricopa County Special Health Care District

6

7 |                  SUPERIOR COURT OF THE STATE OF ARIZONA

8 |                    IN AND FOR THE COUNTY OF MARICOPA

9 | MARICOPA COUNTRY SPECIAL          )      No. CV2017-054614
HEALTH CARE DISTRICT, a body        )
10 | politic, governing body for and doing )
business as MARICOPA                )
11 | INTEGRATED HEALTH SYSTEM,         )

12 |                                    )
Plaintiff,                           )
13 |                                    )      **SUMMONS TO AIG CLAIMS, INC.**
14 | v.                                 )
                                      )
15 | LEXINGTON INSURANCE               )
COMPANY, a foreign capital stock     )
16 | insurance company, and AIG CLAIMS,)
INC., a foreign corporation, ABC     )      If you would like legal advice from a lawyer,
17 | CORPORATIONS, XYZ                  )      Contact the Lawyer Referral Service at
PARTNERSHIPS, JOHN DOES I-V,         )      602-257-4434
18 | and JANE DOES I-V,                 )      or
19 |                                    )      www.maricopalawyers.org
                                      )      Sponsored by the
20 |              Defendants.            )      Maricopa County Bar Association

THE STATE OF ARIZONA TO THE DEFENDANT:
21

22 |              **AIG Claims, Inc.**
                  **The Prentice-Hall Corporation**
23 |              **2338 W. Royal Palm Road**
                  **Suite J**
24 |              **Phoenix, Arizona 85021**

25

26 |     YOU ARE HEREBY SUMMONED and required to appear and defend, within the time

applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20

1   days after the service of the Summons and Complaint upon you, exclusive of the day of service.  If

2   served out of the State of Arizona - whether by direct service, by registered or certified mail, or by

3   publication - you shall appear and defend within 30 days after the service of the Summons and

4   Complaint upon you is complete, exclusive of the day of service.  Where process is served upon the

5   Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this

6   state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of

7   such service upon the Director.  Service by registered or certified mail without the State of Arizona is

8   complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by

9   publication is complete 30 days after the date of first publication.  Direct service is complete when

10  made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the

11  Affidavit of Compliance and return receipt or Officer's Return. Requests for reasonable accommodation

12  for persons with disabilities must be made to the court by parties at least 3 working days in advance of a

13  scheduled court proceeding.  Ariz. R. Civ. P. 4; ARS Sections 20-222, 28-502, 28-503.

14

15          YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the

16  time applicable, judgment by default may be rendered against you for the relief demanded in the

17  Complaint.

18          YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper

19  response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the

20  time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's

21  attorney.  Ariz. R. Civ. P. 5, 10(d); ARS Section 12-311.

22

23          The name and address of Plaintiff's attorney is:

24

25  Shawna Murphy Woner
    GARREY, WONER, HOFFMASTER & PESHEK, P.C.
26  The Gibraltar Building
    6611 North Scottsdale Road
    Scottsdale, Arizona 85250
    (480) 483-9700

NOV - 7 2017

SIGNED AND SEALED this date: _____

Clerk   MICHAEL K JEANES. CLERK

A. McLoone
Deputy Clerk

-3-

EXHIBIT "C"



**null / ALL**
**Transmittal Number: 17377143**
**Date Processed: 11/09/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Eric Manne<br>AIG Property Casualty<br>80 Pine St<br>Fl 13<br>New York, NY 10005-1734 |

| | |
|---|---|
| **Entity:** | AIG Claims, Inc.<br>Entity ID Number  0016692 |
| **Entity Served:** | AIG Claims, Inc. |
| **Title of Action:** | Maricopa Country Special Health Care District, a body politic, governing body for and doing business as Maricopa Integrated Health System vs. Lexington Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Maricopa County Superior Court, Arizona |
| **Case/Reference No:** | CV2017-054614 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 11/08/2017 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Shawna Murphy Woner<br>480-483-9700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT "D"

ORIGINAL

1  GARREY, WONER, HOFFMASTER & PESHEK, P.C.
   The Gibraltar Building
2  6611 North Scottsdale Road
   Scottsdale, Arizona 85250
3  (480) 483-9700
   Shawna Murphy Woner
4  State Bar No. 012948
   swoner@gwhplaw.com
5  Attorneys for Maricopa County Special Health Care District

6

7              SUPERIOR COURT OF THE STATE OF ARIZONA

8               IN AND FOR THE COUNTY OF MARICOPA

9  MARICOPA COUNTRY SPECIAL              )   No. CV2017-054614
   HEALTH CARE DISTRICT, a body          )
10 politic, governing body for and doing )
   business as MARICOPA                   )
11 INTEGRATED HEALTH SYSTEM,             )
                                          )
12                                        )
                                          )
13            Plaintiff,                  )
                                          )   SUMMONS TO LEXINGTON INSURANCE
14 v.                                     )   COMPANY
                                          )
15 LEXINGTON INSURANCE                    )
   COMPANY, a foreign capital stock      )
16 insurance company, and AIG CLAIMS,    )
   INC., a foreign corporation, ABC      )
17 CORPORATIONS, XYZ                      )
   PARTNERSHIPS, JOHN DOES I-V,          )
18 and JANE DOES I-V,                    )
                                          )
19                                        )
20            Defendants.
   THE STATE OF ARIZONA TO THE DEFENDANT:
21
22            Lexington Insurance Company
              Counsel, Legal Department, Lexington Insurance Company
23            100 Summer Street
              Boston, Massachusetts 02110-2103
24
25      YOU ARE HEREBY SUMMONED and required to appear and defend, within the time

   applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20
26
   days after the service of the Summons and Complaint upon you, exclusive of the day of service. If

RECEIVED
NOV 13 2017
LEGAL DEPARTMENT

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.  Ariz. R. Civ. P. 4; ARS Sections 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. Ariz. R. Civ. P. 5, 10(d); ARS Section 12-311.

The name and address of Plaintiff's attorney is:

Shawna Murphy Woner
GARREY, WONER, HOFFMASTER & PESHEK, P.C.
The Gibraltar Building
6611 North Scottsdale Road
Scottsdale, Arizona 85250
(480) 483-9700

1

2      SIGNED AND SEALED this date:  _____ NOV - 7 2017 _____

3

4                                              MICHAEL K JEANES, CLERK

5                                     _____
                                      Clerk

6

7                                     By_____

8                                          Deputy Clerk

9

10

11                                              A. McLoone
                                                Deputy Clerk
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-3-

EXHIBIT "E"

*Attorney or Party without Attorney:*
Shawna Woner
Garrey Woner Hoffmaster & Peshek PC
6611 North Scottsdale Road
Scottsdale, AZ 85250
*TELEPHONE No.:* (480) 483-9700

*Attorney for:*

*Ref. No. or File No.:*
5-561

| | |
|---|---|
| *Insert name of Court, and Judicial District and Branch Court:* | |

In MARICOPA COUNTY SUPERIOR COURT In and for the County of MARICOPA

*Petitioner:* Maricopa County Special Health Care District, a body politic, governing body for and doing business as Maricopa Intergrated Health System,

*Respondent:* Lexington Insurance Company, a foreign capital stock insurance company, and AIG Claims, Inc., a foreign corporation, et al.,

| CERTIFICATE OF SERVICE | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: |
|---|---|---|---|---|
| | | | | CV2017-054614 |

*Stamp (upper right):* ... HAEL K. JEANES CLERK   RECEIVED 6CH   ... UMENT DEPOSITORY   2017 NOV 13  AM 9: 08   FILED BY C. CARABAJAL

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct. At the time of service I was at least 18 years of age and authorized to serve process in this case.

I served copies of the 2 Sets – Summons to Lexington Insurance Company.; Complaint; Certificate Regarding Compulsory Arbitration; Demand for Jury Trial; Request For Production of Documents to All Defendants; Request For Admissions to AIG Claims, Inc.; Non-Uniform Interrogatories to Defendant AIG Claims, Inc.; Acceptance Fee Check #16977 - $15.00

a. Party served      Lexington Insurance Company c/o Arizona Department of Insurance

b. Person Served      Elizabeth Villalino - Administrative Assistant III
   Age: 23 yrs. Race: Hispanic  Sex: Female  Eyes: Brown  Height: 5'6 - 6'0  Weight: 130 lbs. Hair: Black

Address where served: 2910 N 44th St Ste 210
                     Phoenix, AZ 85018-7269

5. I served the party
   a. I personally delivered the documents to the party or person authorized to
      receive service of process for the party (1) on: 11/8/2017    (2) at: 9:00 AM

Person who served papers:
NATIONWIDE LEGAL   Name:  Richard F. Acree
   County of Maricopa,  MC-5966                    The fee for service was: $ 60.60
   3150 N. 24TH STREET, D-104
   Phoenix, AZ 85016
   (602) 256.9700
   www.nationwideasap.com

Date:  November 09, 2017

(Richard F. Acree)

AZ101111

| Attorney or Party without Attorney: | | |
|---|---|---|
| Shawna Woner<br>Garrey Woner Hoffmaster & Peshek PC<br>6611 North Scottsdale Road<br>Scottsdale, AZ 85250<br>*TELEPHONE No.:* (480) 483-9700 | | MICHAEL K. JEANES, CLERK<br>RECEIVED JLH<br>... MENT DEPOSITORY<br>2017 NOV 20  PM 12: 23 |
| *Attorney for:* | | |
| | *Ref No. or File No.:*<br>5-561 | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>In MARICOPA COUNTY SUPERIOR COURT in and for the County of MARICOPA | | FILED BY C. CARABAJAL |
| *Petitioner:* Maricopa Country Special Health Care District, a body politic, governing body for and doing business as Maricopa Intergrated Health System,<br>*Respondent:* Lexington Insurance Company, a foreign capital stock insurance company, and AIG Claims, Inc., a foreign corporation, et al., | | |

| **CERTIFICATE OF SERVICE** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>CV2017-054614 |
|---|---|---|---|---|

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct. At the time of service I was at least 18 years of age and authorized to serve process in this case.

I served copies of the Summons to Lexington Insurance Company, Complaint, Certificate Regarding Compulsory Arbitration, Demand for Jury Trial, Request For Production of Documents to All Defendants, Request For Admissions to Lexington Insurance Company, Non-Uniform Interrogatories to Defendant Lexington Insurance Company

a. Party served       Lexington Insurance Company c/o Legal Department

b. Person Served     Mike Borek - Legal Department
     Age: 35 yrs. Race: Caucasian Sex: Male Eyes:  Height: 6'0" Weight: 175 lbs. Hair: Brown

Address where served: 99 High St
                   Boston, MA 02110-2320

5. I served the party
    a. I personally delivered the documents to the party or person authorized to
        receive service of process for the party (1) on: 11/10/2017    (2) at: 10:40 AM

Person who served papers:
NATIONWIDE LEGAL   Name: John Rymaszewski
           County of Suffolk,
           3150 N. 24TH STREET, D-104
           Phoenix, AZ 85016
           (602) 256.9700
           www.nationwideasap.com

The fee for service was: $ 114.60

Date: November 13, 2017

_(John Rymaszewski)_

AZ101243

AZ101243.5-561
**CERTIFICATE OF SERVICE**

EXHIBIT "F"

COPY

SEP 1 5 2017

MICHAEL K. JEANES. CLERK
A. MCLOONE
DEPUTY CLERK

1   GARREY, WONER, HOFFMASTER & PESHEK, P.C.
    The Gibraltar Building
2   6611 North Scottsdale Road
    Scottsdale, Arizona 85250
3   (480) 483-9700
    Shawna Murphy Woner
4   State Bar No. 012948
    swoner@gwhplaw.com
5   Attorneys for Maricopa County Special Health Care District

6

7                SUPERIOR COURT OF THE STATE OF ARIZONA

8                 IN AND FOR THE COUNTY OF MARICOPA

9   MARICOPA COUNTY SPECIAL            )   No.   CV2017-054614
    HEALTH CARE DISTRICT, a body       )
10  politic, governing body for and doing )
    business as MARICOPA               )
11  INTEGRATED HEALTH SYSTEM,          )
                                       )
12                                     )
                  Plaintiff,           )
13                                     )
                                       )   CERTIFICATE REGARDING
14  v.                                 )   COMPULSORY ARBITRATION
                                       )
15  LEXINGTON INSURANCE                )
    COMPANY, a foreign capital stock   )
16  insurance company, and AIG CLAIMS, )
    INC., a foreign corporation, ABC   )
17  CORPORATIONS, XYZ                  )
    PARTNERSHIPS, JOHN DOES I-V,       )
18  and JANE DOES I-V,                 )
                                       )
19                                     )
20                Defendants.          )

21

22      The undersigned certifies that the largest award sought by the Plaintiff DOES exceed the

23  / / /

24  / / /

25  / / /

26  / / /
    / / /

1    limit set by Local Rules for compulsory arbitration.  This case <u>IS NOT</u> subject to the Uniform

2    Rules of Procedure for Arbitration.

3

4

5          RESPECTFULLY submitted this 15th day of September, 2017.

6

7             GARREY, WONER, HOFFMASTER & PESHEK, P.C.

8

9

10        By
         Shawna Murphy Woner
11          The Gibraltar Building
         6611 North Scottsdale Road
12         Scottsdale, Arizona 85250
         Attorneys for Maricopa County Special Health Care District
13           aka Maricopa Integrated Health System

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT "G"

COPY

SEP 1 5 2017

MICHAEL K. JEANES, CLERK
A. MCLOONE
DEPUTY CLERK

1   GARREY, WONER, HOFFMASTER & PESHEK, P.C.
    The Gibraltar Building
2   6611 North Scottsdale Road
    Scottsdale, Arizona 85250
3   (480) 483-9700
    Shawna Murphy Woner
4   State Bar No. 012948
    swoner@gwhplaw.com
5   Attorneys for Maricopa County Special Health Care District

6

7                  SUPERIOR COURT OF THE STATE OF ARIZONA

8                   IN AND FOR THE COUNTY OF MARICOPA

9   MARICOPA COUNTY SPECIAL          )      No.    CV2017-054614
    HEALTH CARE DISTRICT, a body      )
10  politic, governing body for and doing )
    business as MARICOPA INTEGRATED  )
11  HEALTH SYSTEM,                    )
                                      )
12            Plaintiff,              )
                                      )
13       v.                           )       **DEMAND FOR JURY TRIAL**
                                      )
14                                    )
    LEXINGTON INSURANCE COMPANY,     )
15  a foreign capital stock insurance company, )
    and AIG CLAIMS, INC., a foreign   )
16  corporation, ABC CORPORATIONS,    )
    XYZ PARTNERSHIPS, JOHN DOES I-V, )
17  and JANE DOES I-V,                )
                                      )
18            Defendants.             )
                                      )
19

20       COMES NOW PLAINTIFF, Maricopa County Special Health Care District, by and through

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

1  counsel undersigned, and hereby demands a trial by Jury as to all remaining triable issues.

2

3          RESPECTFULLY submitted this 15th day of September, 2017.

4

5            GARREY, WONER, HOFFMASTER & PESHEK, P.C.

6

7

8                 By

9                  Shawna Murphy Woner
                   The Gibraltar Building

10               6611 North Scottsdale Road
                  Scottsdale, Arizona 85250

11              Attorneys for Maricopa County Special Health Care District
                  aka Maricopa Integrated Health System

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT "H"

Skip To MainContent

[Search]

 **WARNING:** Bogus Phone Calls, Emails May Lead to Fraud.   **Read More...**

Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2017-054614 | Judge: | Hannah, John |
| File Date: | 9/15/2017 | Location: | Northeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Maricopa County Special Health Care District | Plaintiff | | Shawna Woner |
| Lexington Insurance Company | Defendant | | Pro Per |
| A I G Claims Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 11/20/2017 | AFS - Affidavit Of Service | 11/27/2017 | |
| **NOTE:** LEXINGTON INSURANCE COMPANY | | | |
| 11/20/2017 | SUM - Summons | 11/22/2017 | |
| 11/13/2017 | SUM - Summons | 11/15/2017 | |
| 11/13/2017 | SUM - Summons | 11/15/2017 | |
| 11/13/2017 | AFS - Affidavit Of Service | 11/16/2017 | |
| **NOTE:** LEXINGTON INSURANCE COMPANY | | | |
| 11/13/2017 | AFS - Affidavit Of Service | 11/16/2017 | |
| **NOTE:** AIG CLAIMS INC | | | |
| 9/15/2017 | COM - Complaint | 9/18/2017 | |
| 9/15/2017 | CCN - Cert Arbitration - Not Subject | 9/18/2017 | |
| 9/15/2017 | CSH - Coversheet | 9/18/2017 | |
| 9/15/2017 | NJT - Not Demand For Jury Trials | 9/18/2017 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**